UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                  Case No. 15-55759

LAUREEN MARKS,                                       Chapter 13

            Debtor.                                        Judge Thomas J. Tucker
_____/

**ORDER DISMISSING CASE, DUE TO THE DEBTOR'S DEATH**

      It has come to the Court's attention that the Debtor in this Chapter 13 case, Laureen Marks, died on September 10, 2018.[1] Fed.R.Bankr.P. 1016 states:

> **Death** or incompetency **of the debtor** shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. **If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.**

(Emphasis added). On November 5, 2018, Lauren Marks's probate estate filed a motion, entitled "Motion to Allow Entry of Probate Order and Motion to Allow Stuart Bailey to Represent the Late Laureen Marks' Bankruptcy Estate in All Bankruptcy Proceedings" (Docket # 73, the "Motion"). The Motion requested that Stuart Bailey, the brother of the late Debtor Laureen Marks, who has been appointed as the representative of the probate estate of Laureen Marks, be granted "permission to represent Ms. Marks' estate in all Bankruptcy proceedings and sign pleadings on the estate's behalf and attend all Court hearings." (Mot. at ¶¶ 3-4.) The Motion

---

[1] *See* "Motion to Allow Entry of Probate Order and Motion to Allow Stuart Bailey to Represent the Late Laureen Marks' Bankruptcy Estate in All Bankruptcy Proceedings" (Docket # 73) at ¶ 2.

alleged, in relevant part:

> 5. Pursuant to Fed. R. Bankr. P. 1016 the Bankruptcy case of a decedent can continue if "in the best interest of the parties" and in this case Stuart Bailey, the deceased's Debtor's brother, contends that allowing him to represent his sister's estate is feasible because he possesses intimate knowledge of Ms. Marks' financial affairs and is capable of testifying and answering any questions the Court, Trustee or creditors may have regarding these affairs.
>
> 6. The late Ms. Marks' estate benefits from the ability to continue having her case administered under the jurisdiction of this Court with any potential claim against her estate made by a creditor will be litigated through the Chapter 13 Bankruptcy thus simplifying the administration of the estate. A dismissal of the late Ms. Marks' Chapter 13 will essentially deprive her heirs of the protections afforded by the Automatic Stay described above and is not beneficial to Ms. Marks' estate and Stuart Bailey who seeks to represent the estate.

(Mot. at ¶¶ 6-6.) Two creditors filed objections to the Motion. (Docket ## 75, 77.)

On January 23, 2019, the Debtor's probate estate and the objecting creditors filed a stipulation for entry of an order withdrawing the Motion, and the Court entered an order withdrawing the Motion. (Docket ## 84, 85.)

Because of the withdrawal of the Motion, the Court will dismiss this bankruptcy case, under Fed. R. Bankr. P. 1016. Without a personal representative duly appointed by the probate court under the laws of the State of Michigan to act on behalf of the deceased Debtor in this bankruptcy case, further administration of the bankruptcy estate is not possible. *See In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000))("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise

provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3)(stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death"). Accordingly,

    IT IS ORDER that this case is dismissed.

**Signed on January 24, 2019**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge